UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JON TRAVIS REDIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00072-MTS |
| | ) | |
| ARRON WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Jon Travis Redifer for leave to commence this action without payment of the required filing fee. Having reviewed the application, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review of the complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed by an incarcerated person who has not paid the full filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## Background

Review of Missouri.Case.net shows that plaintiff was arrested on May 5, 2022 for felony operating a vehicle on a highway without a valid license (third and subsequent offense). *See State v. Redifer*, No. 21RA-CR00643-01 (14th Jud. Cir., May 23, 2022). On May 23, 2022, an information was filed. He pled guilty to the charges on June 8, 2022, and was sentenced to 90 days in jail with credit for time served. *Id.*

On June 21, 2022, plaintiff filed a correspondence with the state court seeking parole because he was suffering from an infection. His request was forwarded to the Randolph County Sheriff's Department, but was not ruled upon prior to his release.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Arron Wilson (Sheriff, Randolph County) and Moberly Police Department arising out of his conviction for operating a vehicle without a valid driver's license.

Plaintiff has left the "statement of claim" on his court-provided prisoner civil rights complaint form blank. Under the relief section, however, he states that he seeks "monetary relief for incarceration. I want my license to be back right I got my license 17 years of age never lost them[.] The camera in the Moberly Police Department will show me getting a license[.] They are saying I was never given a license ever[.] I can pro[ve] I got them by the camera in the police in early 2002—or close to that year."

For relief, he also states he seeks an undetermined amount of monetary damages for "several injuries, mental anguish, inadequate medical care, and medical malpractice."[1]

## Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

On June 8, 2022, plaintiff pled guilty in Randolph County Circuit Court to felony operating a vehicle on a highway without a valid license. *See State v. Redifer*, No. 21RA-CR00643-01 (14th Jud. Cir., May 23, 2022). He was sentenced to 90 days' imprisonment. *Id.* Plaintiff did not appeal his conviction or file any post-conviction motions to overturn his conviction.

---

[1] Plaintiff's complaint alleges no medical claims or any facts that could be liberally construed as stating a claim for "several injuries, mental anguish, inadequate medical care, and medical malpractice." *See* ECF No. 1.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

A claim for damages after a conviction or sentence that has not been invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*.; *see also Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

Plaintiff's argument in this § 1983 action that he was wrongly incarcerated because he obtained his driver's license around 2002 would necessarily imply the invalidity of his criminal sentence for operating a vehicle on a highway without a valid license. As such, *Heck* bars plaintiff's claims brought under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and pursuant to the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of January, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE